UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID PENNINGTON,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 2:17-cv-0567 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 11, 16, 17.

     As diagnosed by one of plaintiff's examining doctors, plaintiff has post-traumatic stress disorder ("PTSD"). AR. 1012. According to the record from this examining

psychologist, Dr. Richard Coder, Ph.D., plaintiff's history includes being "an eyewitness of the 9-11 terrorist attack [as he] was on the ground floor of the first building as it began to topple." AR. 1009. Plaintiff witnessed people jumping from the windows and falling to the ground, and "watched the plane fly over the Hudson, turning back and forth until it flew in the second tower." *Id*. He lost neighbors and crew on flight 93. *Id*. Plaintiff did not seek treatment until August 2003 when he had a panic attack and could not breathe, and in September, 2007, he was asked to speak at a media event as a survivor of 9-11, which sent him into a downward spiral. *Id*. Although Dr. Coder opined that plaintiff would need routine breaks during the day and routine time off every week or two, such as long weekends, with "some real hand holding to help him deal with the usual stress encountered in competitive work . . . . " (AR. 1013-14), the Administrative Law Judge ("the ALJ") gave only little weight to this opinion. AR. 23.

After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical opinion from plaintiff's examining psychologist, Dr. Coder. For example, although the ALJ relied on alleged inconsistencies with plaintiff's testimony, the ALJ failed to explain how plaintiff's ability to perform personal care, prepare his own meals and assist his parents contradicted Dr. Coder's opinion that he would need routine breaks during the day and routine time off every week or two. In addition, Dr. Coder was aware of plaintiff's history of substance abuse, and thus, this rationale does not provide a valid basis for failing to credit fully Dr. Coder's opinion.

Therefore, for the reason stated and based on the record as a whole, Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

BACKGROUND

Plaintiff, DAVID PENNINGTON, was born in 1962 and was 44 years old on the alleged date of disability onset of January 1, 2007. *See* AR. 535-36, 539-45. Plaintiff completed high school and several years of college. AR. 192. He has work history as an integration specialist/manager, business services manager, software manufacturer sales engineer, business services senior manager/executive, and management consulting senior program manager/executive. AR. 727- 39.

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder; generalized anxiety disorder with posttraumatic stress disorder (PTSD); cocaine and opioid abuse in remission (20 CFR 404.1520(c) and 416.920(c))." AR. 15.

At the time of the latest hearing, plaintiff was staying with a friend and his parents. AR. 193-94.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 12. Plaintiff provides the following procedural background.

> A hearing was held, followed by an unfavorable decision by ALJ Laura Valente on April 23, 2010 (AR. 232-60). The Appeals Council remanded the case, after which two more hearings were held (one where the claimant testified and another where a medical expert testified), followed by another unfavorable ALJ decision by Judge Valente dated May 30, 2013 (AR 262-67, 294-330). The Appeals Council again remanded the case, after which yet another hearing was held, followed by a third unfavorable decision issued by a different ALJ . . . (AR. 12-28, 331-35).

Plaintiff's Opening Brief, Dkt. 11, p. 2.

Plaintiff's latest hearing was held before ALJ Kimberly Boyce on June 17, 2015. *See* AR. 185-227. On December 22, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 9-38.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ provided legally sufficient reasons for rejecting the opinions of several medical and "other" sources; (2) whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony. *See* Dkt. 11 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1) Whether the ALJ provided legally sufficient reasons for rejecting the opinions of Drs. Coder, Swanson, Parker, Carstens, Washburn, and Budwey and Mr. Powers, Ms. Draper, Ms. Mulcahy, and Ms. Fogerty.**

Plaintiff contends that the ALJ erred when evaluating the medical opinion evidence provided by Drs. Richard Coder, Ph.D.; Dr. Lena Swanson, Psy.D.; Dr. Robert Parker, Ph.D.; Dr. Luci Carstens, Ph.D.; Dr. Richard Washburn, Ph.D.; Dr. Siobhan Budwey Ph.D.; Mr. Richard Powers LMHC; Ms. Kathryn Draper ARNP; Ms. Ann Mulcahy ARNP; and Ms. Jacqueline Fogerty LMHC. Dkt. 11 at 3. Defendant contends there is no error. Dkt. 16.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

In September 2008, Dr. Coder, an examining psychologist, opined that plaintiff could not sustain work for more than six months until he received the right kind of "focused treatment that works." AR. 1013. Dr. Coder also opined that plaintiff would need routine breaks during the day and routine time off every week or two, such as long weekends, with "some real hand holding to help him deal with the usual stress encountered in competitive work . . . . " AR. 1013-14.

The ALJ gave only "little weight" to this particular opinion of Dr. Coder. AR. 23. First, the ALJ relied on a finding that these particular "suggested limitations are based upon the claimant's subjective complaints, which are not deemed to be entirely credible as discussed above." *Id*. This finding by the ALJ is not supported by substantial evidence, which will be discussed further, *infra*, at page 8.

In addition, the ALJ appears to have relied on plaintiff's subjective symptom testimony, and found that plaintiff's daily activities are inconsistent with Dr. Coder's opinion, specifically, that plaintiff was able to attend to his personal care, prepare his own meals, and assist his parents. *Id.* (citing AR. 1008-1014, 1139, 1315-1327). The ALJ did not provide any discussion explaining how plaintiff's ability to attend to his personal care, prepare his own meals, or assist his parents is inconsistent with Dr. Coder's opinion that plaintiff could not work for longer than six months or that plaintiff would need routine breaks during the day and routine time off every week or two.

"The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1996); *see also Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). "[I]t is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion. *Embrey*, 849 F.2d at 421-22. Therefore, this is not a specific and legitimate reason for failing to credit fully Dr. Coder's opinion. *See Popa v. Berryhill*,

872 F.3d 901, 906 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

Second, the ALJ reasoned that plaintiff was not entirely candid with Dr. Coder regarding plaintiff's substance abuse. AR. 23 (citing AR. 962, 991, 993, 1011, 1066). The ALJ found that because Dr. Coder was not aware of plaintiff's substance abuse, any problems working could have been related to plaintiff's substance abuse, versus plaintiff's mental health impairments. AR. 23. However, this finding is not supported by substantial evidence. Dr. Coder's evaluation indicates that plaintiff reported that he abused illegal drugs from 2007 through January or February 2008. AR 1011. The treatment notes cited by the ALJ, (*see* AR. 962, 991, 993, 1011, 1066), do not substantially contradict this. For example, in November 2007, plaintiff reported that his experimentation with illicit drugs had increased in the past year and a half. AR. 962. In March 2008, plaintiff reported that he began to use street drugs in the spring of 2007. AR. 991, 993. The final citation by the ALJ refers to a treatment note from May 2008, with respect to a discussion of plaintiff's "last relapse," but the date of this relapse is not specified. AR. 1066. Even if it occurred in May 2008, plaintiff told Dr. Coder that he had used drugs until January or February 2008, and Dr. Coder examined plaintiff on September 4, 2008. AR. 1008. Therefore, the ALJ's finding that any increased severity in plaintiff's difficulties working "may have been related to his drug use versus his mental health conditions" is not a finding based on substantial evidence in the record as a whole.

For the reasons stated and based on the record, the Court concludes that plaintiff's history of substance abuse is not a legitimate reason based on substantial evidence for failing to fully credit Dr. Coder's opinion.

Defendant offers a third rationale – that the ALJ discounted Dr. Coder's opinion because the suggested limitations were not reliable. Dkt. 16 at 6 (citing AR. 23) ("suggested limitations are based upon the claimant's subjective complaints, which are not deemed to be entirely credible as discussed above"). Defendant cites *Tommasetti v. Astrue* for the proposition that "[a]n ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." 533 F.3d 1035, 1041 (9th Cir. 2008). However, this is not a specific and legitimate reason to reject Dr. Coder's opinion supported by substantial evidence. The record shows that Dr. Coder did not base his opinion of plaintiff's limitations largely on self-reported symptoms. Rather, Dr. Coder provided a medical evaluation that was based on medical records, the doctor's observations, the objective results of the mental status examination, and plaintiff's self-reported history and symptoms. AR. 1008-14. Thus, the ALJ's finding that Dr. Coder's evaluation was based largely on plaintiff's self-reported symptoms is not supported by substantial evidence.

Thus, the Court finds that the ALJ has not provided specific, legitimate reasons supported by substantial evidence for discounting Dr. Coder's opinion. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

As noted, Dr. Coder opined that plaintiff could not sustain work for more than six months and would need regular time off. AR 1013-14. As fully crediting these opinions likely would alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and this matter is reversed and remanded for further administrative proceedings.

Regarding challenges to the ALJ's evaluation of other medical opinions, because the Court concludes that the ALJ erred with respect to Dr. Coder, and based on the record as a whole, the remaining medical evidence should be evaluated anew following remand of this matter.

**(2) Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

**(3) Whether remand for a finding of disability is the proper remedy.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

      Here, the record as a whole is not free from conflicts, including allegations potentially inconsistent with aspects of the record, and conflicts in the medical evidence. *See, e.g.,* AR. 18-19, 150-51, 195-96, 958, 961, 1057, 1141, 1157-58, 1173, 1179 (the ALJ's finding that plaintiff's frequent travel, despite an increase in symptoms secondary to or during travel, potentially conflicts with plaintiff's testimony of anxiety-related symptoms, including an inability to travel on planes and agoraphobia, a fear of going outside); AR. 278, 1013-14 (Dr. Coder opined that plaintiff would need routine breaks during the day and routine time off every week or two, but Dr. Anita Peterson Ph.D. found that plaintiff was only moderately limited in his ability to maintain regular attendance and to persist through a normal workweek and that these impairments were not so severe to prevent plaintiff from carrying out more than one or two step instructions in a reasonably consistent manner). Thus, the Court has determined, on remand, the ALJ must re-evaluate this entire matter, properly considering Dr. Coder's opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose). Although plaintiff is correct that this case has regrettably been pending for nine years – entailing four hearings and three ALJ decisions – remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of January, 2018.

J. Richard Creatura
United States Magistrate Judge